IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

REVEREND WESLEY CARROLL, III,    )
    Petitioner,    )
        )
    v.    )    Civil Action No. 07-1660
        )
COURT OF COMMON PLEAS, et al.,    )
    Respondents,    )

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of Wesley Carroll for a writ of habeas corpus be dismissed and that a certificate of appealability be denied for failure to exhaust state court remedies.

II. Report:

Wesley Carroll has presented two petitions for a writ of habeas for which he has been granted leave to prosecute in forma pauperis.[1]

Carroll is presently incarcerated at the State Correctional Institution at Waymart serving an eight and a half to twenty year sentence imposed following his conviction, of involuntary deviate sexual intercourse, simple assault and false imprisonment at No. CP-02-CR-0014147-2003 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was

---

[1] We note that Civil Action No. 07-1660 is brought as a mandamus action by Carroll on behalf of his minor children. While we question his authority to bring this action on their behalf, since the matters which he raises therein are in effect the same matters which he raises in his 07-1661 habeas petition, and these actions are now consolidated at the above captioned number, we will consider both actions as though filed in a solitary habeas petition.

imposed on May 5, 2005. Post-sentence motions were filed, Carroll's counsel withdrew from the case and new counsel was appointed on October 3, 2005 and granted leave to file new post-sentence motions nunc pro tunc. Due to the ensuing delay, Carroll filed a habeas petition here are Civil Action No. 06-532. That petition was dismissed as premature, and on appeal, the Court of Appeals for the Third Circuit, noted:

> The foregoing request for a certificate of appealability is denied for the reasons given by the District Court... [The Court] finds it of concern insofar as it has now been more than two years since appellant was sentenced and it does not appear that there has been any real progress with respect to resolution of his post-trial motions. *Accordingly, appellant may file a new habeas petition in the district court within 90 days of the date of this order if the Allegheny County Court of Common Pleas has not decided his post-trial motions...*[2]

It is provided in 28 U.S.C. §2254(b) that:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez,

---

[2] See: Order of the United States Court of Appeals for the Third Circuit dated August 28, 2007 at Docket No. 07-2063 (emphasis added).

supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

> The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly

established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in Williams v. Taylor made it clear that the "contrary to" and "unreasonable application" clauses have independent meaning.

Carroll executed the instant petitions on August 20, 2007 during the pendency of his appeal. Those actions, filed in the United States District Court for the Middle District of Pennsylvania, were transferred to this Court on November 27, 2007. In those petitions, Carroll appears to represents that on November 5, 2007, the Court of Common Pleas favorably disposed of his post-trial motions and ordered him released from custody.[3] However, in fact, the docket of the Court of Common Pleas of Allegheny County at No. CP-02-CR-0014147-2003 reflects that on October 3, 2007, the court denied his post-sentence motion and that on October 9, 2007, Carroll filed an appeal to the Superior Court.[4]

Since the Court of Common Pleas disposed of the post-trial motions within the time period allotted, the concerns of the Court of Appeals have been addressed, and the matter is now proceeding pursuant to orderly criminal procedure through the available state court remedies.

Accordingly, it is recommended that the petition of Wes Carroll for a writ of habeas corpus be dismissed and that a certificate of appealability be denied for failure to exhaust the available state court remedies.

Within thirteen (13) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely

---

[3] If this indeed is the case, his proceedings here would be moot.

[4] That appeal is docketed in the Superior Court at No.1807 WDA 2007 where it is currently pending.

objections may constitute a waiver of any appellate rights.

Respectfully submitted,

Entered: December 7, 2007

s/Robert C. Mitchell,
United States Magistrate Judge